

# THE ATTORNEY GENERAL
## OF TEXAS

July 14, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Chet Brooks
Chairman
Committee on Health and
   Human Services
Texas State Senate
P. O. Box 12068
Austin, Texas    78711

Opinion No. JM-746

Re:    Obstetrical    and    post-natal
services under the Indigent Health
Care Act

Dear Senator Brooks:

You ask several questions about the Indigent Health Care Act [hereinafter the act], article 4438f, V.T.C.S. See art. 4438f, §1.02(10) (defining "public hospital"); see also Attorney General Opinion JM-626 (1987). Your first question is whether a public hospital is required to provide obstetrical and post-natal services to eligible persons.

Public hospitals must provide, to eligible residents, the inpatient and outpatient services that a county is required to provide to indigents under section 3.01(a)(1) of the act.[1] See also art. 4438f, §11.03(a) (a public hospital may provide required services through other health-care providers); art. 4438f, §12.01 (a public hospital is liable for required services provided by other entities). Section 3.01.(a)(1) requires that counties provide "inpatient and outpatient hospital services as limited by this title." It does not list specific services. Rather, the Department of Health is required to define the required services. V.T.C.S. art. 4438f, §1.06(a). To fulfill that obligation, the department has promulgated rules governing required inpatient and outpatient hospital services. 40 T.A.C. §14.201(1), (2) (1986). Those rules are general, and do not list specific types of required medical care. The rules do provide, however, that "medically necessary" services are required. 40 T.A.C. §14.201(1). Medically necessary services for an eligible pregnant woman would unquestionably include some obstetrical and post-natal

---

1.  A county subject to the act must provide not only inpatient and outpatient hospital services but also other services including physician services. Art. 4438f, §3.01.

services.   See Final Report of the Task Force on Indigent Health Care (December 1984) (indicating that maternity care was one of the main concerns of the task force); see also art. 4438f, §1.06(a) (department is to define services in accordance with department rules relating to Medicaid program); 40 T.A.C. §4.1004 (1985) (pregnant women who meet other applicable eligibility standards are eligible for Medicaid); V.T.C.S. art. 4447y (Maternal and Infant Health Improvement Act).  The determination of what specific services are medically necessary is a question of fact and cannot be resolved in the opinion process.

Your second question is:

Does a public hospital that provided obstetrical and post-natal services to eligible residents during the operating period that ended prior to January 1, 1985, violate section 11.01(b) of the act if the hospital does not continue to provide those services?

Section 11.01 of the act provides, in part:

(a)  Each public hospital shall provide the inpatient and outpatient hospital services a county is required to provide under Subdivision (1) of Subsection (a) of Section 3.01 of this Act.

(b)  If a public hospital provided additional health care services to eligible residents during the operating year that ended before January 1, 1985, the hospital shall continue to provide those services.

(c)  A public hospital may provide additional health care services.

If the obstetrical and post-natal services in question were medically necessary services required under the Indigent Health Care Act, a public hospital would violate section 11.01(a), not section 11.01(b), if it discontinued provision of such services.  If a public hospital provided obstetrical and post-natal services during the operating year that ended before January 1, 1985, subsection (b) of section 11.01 would require the public hospital to continue to provide those services, even if those services would not otherwise be required under section 11.01(a) of the act.

Your third question is:

> Does section 13.02 of the act require a public hospital to make public notice and hold a public hearing before the hospital can reduce the scope of its services or further restrict eligibility for services?

Section 13.02 of the act provides:

> (a) A public hospital may not change its eligibility standards to make the standards more restrictive and may not reduce the health care services it offers unless it complies with the requirements of this section.
>
> (b) Not later than the 90th day before a change would take effect, the public hospital must publish notice of the proposed change in a newspaper of general circulation in the area served by the hospital and set a date for a public hearing on the change. The published notice must include the date, time, and place of the public meeting. This notice does not replace the notice required by the open meetings law, Chapter 271, Acts of the 60th Legislature, Regular Session, 1967 (Article 6252-17, Vernon's Texas Civil Statutes).
>
> (c) Not later than the 30th day before the date on which the change would take effect, the public hospital shall conduct a public meeting to discuss the change. The meeting shall be held at a convenient time in a convenient location within the area the hospital has a legal obligation to serve. Members of the general public may testify at the meeting.
>
> (d) _If, based on the public testimony and on other relevant information, the commissioners court, city council, or board of managers or other governing body of the hospital finds that the change would not have a detrimental impact on access to health care for the residents the hospital serves, the hospital may adopt the change._

> (e) The commissioners court, city council, or board of managers or other governing body of the hospital must formally adopt the finding that the change does not have a detrimental impact on access to health care. (Emphasis added).

Section 13.02 of the act explicitly requires a public hospital to give notice and hold a public hearing before the hospital may reduce the services it offers or before the hospital may make its eligibility standards more restrictive. In order to reduce services the appropriate governmental body must determine that "the change would not have a detrimental impact on access to health care for the residents the hospital serves." V.T.C.S. art. 4438f, §13.02(d).

Also in regard to section 13.02, we caution that its provisions do not allow a public hospital to make its eligibility standards more restrictive than those established by the Department of Health under section 1.06 of the act. Section 10.02(b) provides that a person is eligible for assistance from a public hospital if that person meets the basic income and resources requirements established by the Department of Health under section 1.06 of the act or if that person meets a less restrictive income and resources standard adopted by the public hospital. Section 10.02(f) provides as follows:

> A public hospital may adopt a less restrictive income and resources standard at any time. If because of a change in the income and resources requirements established by the department under Section 1.06 of this Act the standard adopted by a hospital becomes stricter than the requirements established by the department, the hospital shall change its standard to at least comply with the requirements established by the department.

The act does not permit a public hospital to set eligibility standards that are more restrictive than those set by the Department of Health. Also, if the Department of Health changes its standards to make them less restrictive, a public hospital must also change its standards if they are more restrictive than the new standards established by the department. See Bill Analysis to S.B. No. 1, 69th Leg., prepared for Senate Committee on Health and Human Services, filed in Bill File to S.B. No. 1, Legislative Reference Library (one purpose of Indigent Health Care Act was to define "indigency"). Thus, a public hospital may make its eligibility standards more restrictive in accordance with the procedures set out in section 13.02 only if the new standards set are no more restrictive than those established by the Department of Health.

## S U M M A R Y

Under the Indigent Health Care Act, article 4438f, V.T.C.S., a public hospital must provide to eligible residents medically necessary inpatient and outpatient health-care services. The determination of what specific services are medically necessary is a question of fact. A public hospital must continue to provide services it provided during the operating year that ended before January 1, 1985. In order to reduce the services it offers or to make its eligibility standards more restrictive, a public hospital must give notice and hold a public hearing in accordance with section 13.02 of the act.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General